## BUFFALO SUPERIOR COURT.

GEORGE T. ELLIOTT agt. ANDREW J. BUCKLAND, *et al.*

In an action of *claim and delivery of personal property*, where judgment is rendered for the plaintiff, that he recover the possession of said property or a certain sum being the value thereof, in case a delivery cannot be had, with costs &c.: On appeal from such judgment to the court of appeals, in order *to stay the proceedings* pending the appeal, the defendant must give an *undertaking* not only under sections 334 and 335, but also under section 336 of the Code.

*October General Term,* 1868.
DEMURRER to answer.

L. LeCLEAR, *for appellants, defendants.*
BASS and GORHAM, *for plaintiff and respondent.*

*By the court,* MASTEN, J. To recover the possession of certain one hundred and twenty barrels of flour in the possession of one Bidwell, the plaintiff brought in this court against said Bidwell an action denominated in the Code "claim and *delivery* of personal property. (*Code, chap.* 2, *title* 7, *part* 2.)

The said Bidwell to retain the possession of said flour gave to the sheriff, pursuant to section 211 of the Code, an undertaking executed by the defendants in this action for the *delivery* of the said property to the plaintiff if *such delivery be adjudged,* and for the payment to him of such sum of money as might for any cause be recovered against the said Bidwell. The plaintiff recovered judgment against said Bidwell in said action that the plaintiff recover the possession of said flour *or* one thousand six hundred and twenty dollars being the value thereof in case a *delivery* could not be had, together with forty-seven dollars and twenty-five cents damages for the detention of said property and also eighty-nine dollars costs of said action.

The plaintiff caused execution in due form to be issued upon said judgment, which was returned unsatisfied.

The said Bidwell appealed from said judgment to the court of appeals and executed with sureties an undertaking pursuant to sections 334 and 335 of the Code.

The plaintiff thereupon brought this action upon the said undertaking given under section 211 of the Code.

The single question presented by the demurrer is whether the proceedings are stayed during the pendency of the appeal to the court of appeals.

The defendants contend that an undertaking pursuant to sections 334 and 335 stays the proceedings. The plaintiff contends that the undertaking should also have been under 336 to operate as a stay of proceedings.

The plan of the Code is thus declared : " the distinction between actions at law and suits in equity and the forms of all such actions and suits heretofore existing are abolished ; and there shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action."—(*Code, section* 69.)

Writs of error in civil actions are abolished and appeals substituted. (*Section* 323.)

The provisions of chapter 2, entitled "Appeals to the Court of Appeals," (*sec.* 334, &c.) in relation to the security to be given upon an appeal to the court of appeals to make the appeal effectual and to stay proceedings, are taken substantially from the provisions of the Revised Statutes of 1830, prescribing the security to be given on appeals from the *court of chancery* to the court of errors (2 *R. S.* 605). And they are made applicable to all actions whether theretofore known as legal or equitable.

The Codifiers in their note to section 334 say : " this section and those following relating to securities on appeals, are taken substantially from the Revised Statutes, *with such*

*modifications however both in language and effect as to make them conformable to our general* PLAN (2 *R. S.*, 605, 8.) ·

The language of the Code is frequently loose and does not show that carefulness and accuracy which so great a change should have secured.

It becomes our duty to apply to legal actions, provisions couched in language more easily understood when applied to equitable actions, but intended to be applicable to both kinds of actions.

Looking then at all of the provisions of the Code, I think it was intended that section 336 should embrace a judgment for the recovery of the possession of personal property in the action of "claim and delivery of personal property."

One of the cases provided for in section 336 is when "the judgment directs *the delivery of personal property.*"

The form of judgment in the action of "claim and delivery of personal property" is prescribed by the Code, (*section* 277.)

If the property has been delivered to the plaintiff, the judgment is "for the possession," if it has not been delivered to him, it is "for the recovery of the possession, *or* the value thereof, in case a *delivery* cannot be had," and "for the damages" (in either case) "for the detention." (*Fitzhugh* agt. *Warren* 9 *N. Y. R.*, 559.)

The Code prescribes the form of executions upon different judgments,—*(Section* 289). The fourth subdivision of that section reads, "If it (execution) be for the delivery of the possession of real or personal property, it shall require the officer to *deliver* the possession of the same to the party entitled thereto, and may at the same time require the officer to satisfy any costs, damages or rents and profits recovered by the *same* judgment, out of the personal property of the party against whom it was rendered, *and the value of the property* (personal and not real I suppose), *for which judgment*

*was recovered, to be specified therein, if a delivery thereof cannot be had.*

The language of *sections* 207, 208, 211 *and* 215 tends to show that the Code deems a judgment like the one under consideration in an action of " claim and delivery of personal property," to be one " directing the delivery of personal property.

The judgment under consideration is " a judgment directing the delivery of personal property," and also " a judgment *directing* the payment of money.

I am of the opinion that the undertaking given on the appeal to the court of appeals, did not stay proceedings, and that the plaintiff is entitled to judgment on his demurrer to the answer.